IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:05-mj-0112-B |
| | ) | WO |
| JULIO CESAR MOSQUERA | ) | |

**ORDER and OPINION ON MOTION FOR DETENTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the court conducted a detention hearing on September 21, 2005, pursuant to the Government's *Motion for an order of detention,* included in its *Motion for Detention Hearing* (Doc.5, September 14, 2005), as amended orally at the onset of the detention hearing (a) to state the eligibility of this defendant for detention because he is charged with a drug offense for which the prescribed prison term is not less than 5 years nor more than 40 years, thus satisfying the eligibility criterion of a term of ten years or more. After considering testimony from two witnesses for the United States and the pretrial services officer summoned by defendants, as well as arguments of counsel, the court concludes that the defendant should be detained pending trial in this case.

**Part I -- Findings of Fact**

There is probable cause to believe that the defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846. He is charged in a criminal complaint, along with Luis F. Acosta-Vasquez, with knowingly and intentionally possessing with intent to distribute cocaine seized following a vehicular search incident to a traffic stop by a state trooper. The limits of punishment for this offense include a prison term which is not less than 5 years nor more than 40 years. The defendant has not rebutted the presumption established by this finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. There is a serious risk that the defendant will not appear.

**Part II - Written Statement of Reasons for Detention**

The court concurs with the pretrial service officer's assessment that detention is warranted on account of the nature of the offense and the circumstances attendant to his travel with the co-

defendant driver from Houston allegedly to North Carolina. Though this defendant-passenger in the vehicle containing the cocaine has no reported criminal history and had no narcotics found on his person or linked directly to the $5,000 in bundled currency found in his pocket, the court concurs with the professional judgment of the pretrial services officer that neither electronic monitoring at his stated residence in Houston, Texas, nor any other conditions will minimize the serious risk of his flight. Mosquera has limited ties to the United States having lived in Houston for about 7 months. He was boarn and reared in Colombia and his family – including three living– reside there. His reported employment by a body shop operated by his common-law wife in Houston could not be verified independently of her report. Investigative reports to case agent Robert Thornton, an ABI/HIDTA narcotics agent, disclose Mosquera's duplicity while serving as a confidential informer in narcotics cases for government agents in Houston, Texas. Mosquera's risk of flight to Colombia or elsewhere is heightened by the fact that if convicted, he faces a prison term of not less than 5 years and not more than 40 years. Clear and convincing evidence compels the conclusion that the defendant poses a serious risk of flight and that no condition or combination of conditions will reasonably assure his appearance as required and protect the community.

### Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Done this 22nd day of September, 2005.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE